IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARQUETTE SAVINGS BANK, | ) | |
|     Plaintiff, | ) | C.A. No. 19-195 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge Susan Paradise Baxter |
| ZONYA A. FLEMINGS, | ) | |
|     Defendant | ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Plaintiff Marquette Savings Bank, a bank organized under the laws of the Commonwealth of Pennsylvania, initiated this mortgage foreclosure action against Plaintiff in the Court of Common Pleas of Erie County, Pennsylvania ("state court"), on May 25, 2017. The property subject to the foreclosure action is located at 319 German Street, Erie, Pennsylvania ("Subject Property"). On May 30, 2017, Defendant filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Florida, effectively staying the instant action pursuant to 11 U.S.C. § 362.

After Defendant's bankruptcy case was discharged on September 1, 2017, Plaintiff filed an amended complaint in mortgage foreclosure in the state court on September 15, 2017; however, the action was once again stayed by Defendant's filing of a Chapter 13 bankruptcy petition on October 6, 2017, which was later dismissed on March 21, 2019. Plaintiff subsequently filed a second amended complaint in mortgage foreclosure in the state court on June 10, 2019 [ECF No. 1-1], which was personally served upon Defendant at the Subject

Property on June 12, 2019. On July 5, 2019, the action was removed to this Court pursuant to Defendant's Notice of Removal [ECF No. 1].

Presently pending before this Court is Plaintiff's motion to remand this action to state court [ECF No. 4], asserting that this Court lacks subject matter jurisdiction because there is a lack of diversity of citizenship between the parties under 28 U.S.C. § 1332(a), and there is no other independent basis for federal jurisdiction.[1] Also pending are Defendant's motion to strike Plaintiff's motion to remand [ECF No. 14]; Defendant's amended motion to dismiss Plaintiff's second amended complaint [ECF No. 16]; Plaintiff's motion for contempt and sanctions [ECF No. 27]; and Defendant's motion to change venue & motion for abstention [ECF No. 28]. These matters have been fully briefed and are now ripe for consideration.

## II. DISCUSSION

In her Notice of Removal, Defendant cites two jurisdictional grounds for having this case removed from state court: (1) diversity of citizenship under 28 U.S.C. § 1332(a); and (2) original jurisdiction as a "core bankruptcy proceeding" under 28 U.S.C. § 1334. Both grounds are challenged by Plaintiff in its motion to remand. Thus, each of these jurisdictional bases will be addressed in turn.

### A. Diversity Jurisdiction

Under 28 U.S.C. § 1332(a)(1),

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States;

---

[1] Plaintiff also moved for abstention; however, this portion of the motion was denied by the Court by text order dated September 6, 2019 [ECF No. 24].

\*       \*       \*

The only issue in dispute regarding this Court's diversity jurisdiction is Defendant's place of citizenship. In her Notice of Removal, Defendant alleges that she is a resident of the State of Florida [ECF No. 1-2]. Conversely, Plaintiff claims that Defendant was a citizen of the Commonwealth of Pennsylvania when she filed the Notice of Removal on June 3, 2019 (ECF No. 4, at ¶ 1). Then, in her subsequent motion to dismiss second amended complaint, filed August 2, 2019, Defendant "admits to residing in Pennsylvania," yet maintains that she is a citizen of the State of Florida (ECF No. 9, at p. 2).

It is axiomatic that "[t]he party asserting jurisdiction bears the burden of showing the action is properly before the federal court." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 219 (3d Cir. 2005). Moreover, "It is ... well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court...." Midfirst Bank v. Smith, 2006 WL 860098, at \*1, citing Thomas v. Bd. of Trustees of the Oho State Univ., 195 U.S. 207, 211 (1904).

Here, the only evidence Defendant has produced to support her alleged Florida citizenship are a Declaration of Domicile from the State of Florida, dated June 9, 2017 [ECF No. 30-3], and a Return of Service from the Miami-Dade Police Department showing that Defendant was served with Plaintiff's original complaint at her residence in Florida on June 2, 2017 [ECF No. 9-3]. Both documents fall well short of establishing Defendant's place of domicile as of the time she filed the Notice of Removal in this case on July 5, 2019.

Conversely, there is abundant record evidence indicating that Defendant was residing at the Subject Property in Pennsylvania on July 3, 2019. In particular, during a telephonic hearing

held before this Court on September 6, 2019, Plaintiff testified that her "domicile was Florida all the way until the person that I had living in my home here moved out at the end of February [2019], and so I had to come back." (ECF No. 26, at p. 6). Defendant then added that she went back to Miami to quit her job and moved everything back to Erie, Pennsylvania in the middle of March 2019 (Id. at p. 8). This testimony is corroborated by Defendant's Pennsylvania driver's license, which was issued on March 13, 2019 (ECF No. 32-1, at p. 2), and her Florida driver's record, which indicate that her Florida driver's license expired on the same date (Id. at p. 3). In addition, the Pennsylvania license appears to list the Subject Property as Defendant's residence address. In fact, the record establishes that Defendant was personally served with Plaintiff's second amended complaint at the Subject Property on June 12, 2019. Thus, it is apparent that Defendant's place of citizenship as of the date she filed her Notice of Removal was the Commonwealth of Pennsylvania, rather than the State of Florida, or at the very least, she has not shown, as is her burden, that it **is** the State of Florida.

That being the case, Defendant has failed to satisfy her burden of establishing that there was diversity of citizenship between the parties on the date she filed the Notice of Removal in this case. Consequently, the Court lacks jurisdiction under 28 U.S.C. § 1332.

**B.** **Original Jurisdiction as "Core Bankruptcy Proceeding"**

Alternatively, Defendant claims in her Notice of Removal that this case is a "Core Bankruptcy Proceeding" over which this Court has original jurisdiction under 28 U.S.C. § 1334 (ECF No. 1, at p. 4). Defendant bases this claim on her understanding that the mortgage debt she to Plaintiff was included and discharged in her Chapter 7 bankruptcy proceeding, and that any claim to recover on this debt is a bankruptcy-related issue. This claim is without merit.

4

Plaintiff is correct in arguing that the instant action "is not related to a case under the Bankruptcy Code and does not arise in a case under the Bankruptcy Code because there is no bankruptcy case that would be in any way affected by the plaintiff's suit." (ECF NO. 4, at ¶ 5). In fact, the order of discharge in Defendant's chapter 7 bankruptcy case expressly states:

> However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

[ECF No. 6-6].

Here, there is no evidence that Plaintiff's mortgage lien was avoided in Defendant's bankruptcy action; so, the lien remains and may be enforced in a mortgage foreclosure action filed in the county in which the property is located. This is what Plaintiff is attempting to pursue here.

Since there is no basis upon which this Court has subject matter jurisdiction over this matter, the Court will grant Plaintiff's motion to remand to state court [ECF No. 4] and will deny Defendant's motion to strike [ECF No. 14], accordingly. Because this Court is without jurisdiction to consider Defendant's amended motion to dismiss Plaintiff's second amended complaint [ECF No. 16], said motion will be dismissed, without prejudice to Defendant's right to re-file such motion in state court, upon remand. In addition, Plaintiff's motion for contempt and sanctions [ECF No. 27] and Defendant's motion to change venue & motion for abstention [ECF No. 28] will be dismissed as moot.

An appropriate Order follows.